UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA GLENN,

      Plaintiff,                      CIV. NO. 15-10270

      v.                              HON. TERRENCE G. BERG

NASSCOND, INC., NOTES FOREVER
INC., NATIONAL CITY MORTGAGE CO.,
NATIONAL CITY BANK, KONDAUR
CAPITAL CORP., OUMROW SINGH,
NATIONAL CITY MORTGAGE
SERVICES CO.,

      Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO DISQUALIFY
COUNSEL FOR DEFENDANT KONDAUR CAPITAL CORP. (DKT. 21)**

This matter is before the Court on Plaintiff Dana Glenn's ("Plaintiff") motion to disqualify counsel for Defendant Kondaur Capital Corp. ("Kondaur") (Dkt. 21). Kondaur filed a response brief (Dkt. 23) and Plaintiff filed a reply brief (Dkt. 24). The Court heard oral argument on Plaintiff's motion on December 3, 2015.

For the reasons set forth below, Plaintiff's motion is **GRANTED**. Attorney Andrew Herold is hereby **DISQUALIFIED** from representing Defendant Kondaur in this matter, due to a conflict of interest between a member of his law firm and Plaintiff. Kondaur is directed to find substitute counsel within 21 days of the date of this order.

## FACTS AND PROCEDURAL HISTORY

This case concerns a mortgage on a condominium owned by Plaintiff. Plaintiff claims that the mortgage on her condo was assigned between Defendants and that those assignments were faulty and should be set aside. Furthermore, Plaintiff claims that certain mortgage payments that she made to Defendants should be refunded to her, due to the alleged defects in the mortgage assignments.

In her motion to disqualify counsel for Defendant Kondaur, Plaintiff states that she previously hired an attorney – Richard Linnell – to represent her concerning a possible short sale of the condo at issue in this litigation. Plaintiff claims that she discussed with Attorney Linnell the possibility of litigation concerning the mortgage on her condo. In other words, Plaintiff consulted with Attorney Linnell about the present case.

This case was filed in the Wayne County Circuit Court on October 29, 2014. At the time the case was filed, Plaintiff was represented by Attorney Peter Gojcaj.[1] The case was subsequently removed to this Court on January 22, 2015, on the basis of diversity jurisdiction. Also in January 2015, counsel for Defendant Kondaur, Andrew Herold, joined the law firm of Linnell & Associates. Mr. Herold characterizes his relationship with the Linnell firm as "of counsel."

Following oral argument on the motion to disqualify Mr. Herold, Plaintiff filed an exhibit containing several emails between herself and the Linnell firm (Dkt.

---

[1] On March 30, 2015, the Court granted Mr. Gojcaj's motion to withdraw as counsel for Plaintiff (Dkt. 15). Plaintiff, herself an attorney, is now proceeding in pro per (Dkt. 16).

32) which she had also presented to the Court during the hearing. In these emails, representatives of the Linnell firm tell Plaintiff not to have any contact with Defendant Roy Singh, PNC Bank or any of their attorneys, and that all communications concerning Plaintiff's condominium or mortgage should instead flow through the Linnell firm. This directive is clearly suggestive of an attorney client relationship between Plaintiff and the Linnell firm. Furthermore, Plaintiff provided the Court with an email that she sent directly to Mr. Linnell, in which she asks for legal advice concerning the recording of her mortgage – potentially a key legal issue in this case.

## ANALYSIS

A motion to disqualify counsel is the proper method for a party to bring to the court's attention an alleged conflict of interest or breach of ethical duty by opposing counsel. *See DeBiasi v. Charter County of Wayne*, 284 F.Supp.2d 760, 770 (E.D. Mich. 2003). Courts have the inherent authority to prevent individuals from practicing before it. *See D.H. Overmyer Co., Inc. v. Robson*, 750 F.2d 31, 33 (6th Cir. 1984). "Unquestionably, the ability to deny one's opponent the services of capable counsel, is a potent weapon. Confronted with such a motion, courts must be sensitive to the competing public policy interests of preserving client confidences and of permitting a party to retain counsel of his choice." *Manning v. Waring, Cox, James, Sklar and Allen*, 849 F.2d 222, 224 (6th Cir. 1988). In determining whether disqualification is necessary, the Court must account for "'the traditional concerns of the legal profession that client confidences be protected and that appearances of

3

professional impropriety be avoided.'" *DeBiasi v. Charter County of Wayne*, 284 F.Supp.2d 760, 770–71 (E.D. Mich. 2003) (quoting *Manning v. Waring, Cox, James Sklar and Allen*, 849 F.2d 222, 225 (6th Cir. 1988)).

"Motions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary." *Valley–Vulcan Mold Co. v. Ampco–Pittsburgh Corp.*, 237 B.R. 322, 337 (B.A.P. 6th Cir.1999), aff'd, 5 Fed. App'x 396 (6th Cir. 2001) (citation and internal quotation marks omitted). The Court must balance the interest of the Court and the public in upholding the integrity of the legal profession against the right of a party to retain counsel of its choice. *See Manning*, 849 F.2d at 225. "[T]he party seeking disqualification must carry a heavy burden and must meet a high standard of proof' before a lawyer is disqualified, because although a party has no right to specific counsel, a party's choice of counsel is entitled to substantial deference." *Valley–Vulcan*, 237 B.R. at 337, (citation and internal quotations omitted); *see also MJK Family LLC v. Corporate Eagle Mgmt. Servs.*, 676 F.Supp.2d 584, 592 (E.D. Mich. 2009) ("The movant bears the burden of proving that opposing counsel should be disqualified"). A decision to disqualify counsel must be based on a factual inquiry conducted in a manner allowing appellate review. *See General Mill Supply Co. v. SCA Servs.*, 697 F.2d 704, 710 (6th Cir. 1982).

A state's ethics rules are appropriate standards against which to measure to propriety of an attorney's conduct for the purpose of determining whether a lawyer should be disqualified in a particular case. *See National Union Fire Ins. Co. of*

4

*Pittsburgh, Pennsylvania v. Alticor, Inc.*, 466 F.3d 456, 458 (6th Cir. 2006), vacated on other grounds, 472 F.3d 436 (6th Cir. 2007) (citing *Evans & Luptak, PLC v. Lizza*, 251 Mich. App. 187, 650 N.W.2d 364, 368–69 (2002)).

A court may disqualify an attorney for possessing a conflict of interest. *See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Alticor, Inc.*, 472 F.3d 436, 437 (6th Cir. 2007). Rule 1.7 of the Michigan Rules of Professional Conduct provides that:

> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests unless:
>
> (1) the lawyer reasonably believes the representation will not be adversely affected; and
>
> (2) the client consents after consultation.

The comments to this rule note "If the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice." Comment to Rule 1.7.

When a conflict of interest arises as to a member of a law firm, the rules require disqualification of the entire firm: "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule[ ] 1.7...." MRPC 1.10(a); *see also National Union Fire Ins. Co.*, 472 F.3d at 438. The comments to the rules make the following observation about the definition of "firm":

> For example, two practitioners who share office space and occasionally consult or assist each other ordinarily would not be regarded as constituting a firm. However, if they present themselves to the public in a way suggesting that they are a firm or conduct themselves as a firm, they should be regarded as a firm for purposes of the rules.

Commentary, MRPC 1.10(a). Plaintiff argues that she was a "former client" of Mr. Linnell, thereby precluding the Linnell firm from representing Defendant Kondaur in a matter such as this, adverse to a former client. As to former clients, the Sixth Circuit applies the following three-part test for attorney disqualification: (1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of that relationship is substantially related to the subject matter of the present case; and (3) the attorney acquired confidential information from the party seeking disqualification. *See Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990).

Additionally, the Sixth Circuit recognizes that "[w]hen a potential client consults with an attorney, the consultation establishes a relationship akin to that of an attorney and existing client." *Banner v. City of Flint*, 99 Fed. App'x 29, 36 (6th Cir. 2004). Thus, federal district courts in Michigan have found that a "motion to disqualify an attorney who has met with, but was not retained by, a prospective client 'should be analyzed the same as a motion to disqualify pursuant to a former client relationship, with the additional requirement that the lawyer receive information that could be 'significantly harmful,' rather than merely confidential as required by the Sixth Circuit's three-prong *Dana Corp*. test." *Eaton v. Meathe*, No.

6

1:11-CV-178, 2011 WL 5921207, at *3 (W.D. Mich. Nov. 27, 2011) (citing *Factory Mut. Ins. Co. v. APComPower, Inc.*, 662 F.Supp.2d 896, 900 (W.D. Mich. 2009)).

The Court finds that, utilizing the tests set forth above, there is a conflict of interest in this matter. Plaintiff previously retained the Linnell firm to negotiate a short sale of her condominium. In the course of this representation, the Linnell firm obtained confidential financial information from Plaintiff, including records pertaining to her mortgage and the recording/assignments of that mortgage. In other words, the Linnell firm received information from Plaintiff touching on the precise legal questions at issue in this litigation. Furthermore, the emails submitted by Plaintiff indicate that she consulted Attorney Linnell for the explicit purpose of soliciting legal advice concerning her mortgage. Clearly, there would be an impermissible conflict of interest if Attorney Linnell were seeking to represent Defendant Kondaur in this matter. That same conflict must be imputed to Attorney Herold under MRPC 1.10(a) and consequently he must be disqualified from representing Kondaur in this matter.[2]

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to disqualify (Dkt. 21) Attorney Andrew Herold from representing Defendant Kondaur in this matter is **GRANTED**. Defendant Kondaur is directed to find substitute counsel within 21

---

[2] This conclusion in no way suggests any finding of misconduct or impropriety on the part of Attorney Herold. His association with the Linnell firm gives rise to a conflict of interest between Defendant Kondaur and Plaintiff and consequently he may no longer represent Kondaur.

7

days of the date of this order.

**SO ORDERED**.

Dated: February 3, 2016

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

    I hereby certify that this Order was electronically submitted on February 3, 2016, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager

8