UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA GLENN,

      Plaintiff,                              CIV. NO. 15-10270

      v.                                    HON. TERRENCE G. BERG

NASSCOND, INC., NOTES FOREVER
INC., NATIONAL CITY MORTGAGE CO.,
NATIONAL CITY BANK, KONDAUR
CAPITAL CORP., OUMROW SINGH,
NATIONAL CITY MORTGAGE
SERVICES CO.,

      Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE (DKT. 19) AND DENYING PLAINTIFF'S REQUESTS FOR CLERK'S ENTRIES OF DEFAULT (DKTS. 45, 46, 48)

This case concerns a mortgage on a condominium owned by Plaintiff Dana Glenn ("Plaintiff"). Essentially, Plaintiff claims that the mortgage on her condo was assigned between Defendants and that those assignments were faulty and should be set aside. Furthermore, Plaintiff claims that certain mortgage payments that she made to Defendants should be refunded to her, due to the alleged defects in the mortgage assignments. Plaintiff's Complaint also requests an accounting of her mortgage payments to Defendants (Dkt. 1, Ex. 1) and injunctive relief. Specifically, she is seeking an order prohibiting Defendants from commencing any mortgage foreclosure proceedings. *Id*. Finally, Plaintiff seeks money damages from Defendants. *Id.*

I.  Background

To summarize, Plaintiff alleges that the first mortgage[1] on her property was originated by "National City Mortgage Services, Co." in December 2002 (Dkt. 1, Ex. 1 ¶ 10). Plaintiff alleges that this mortgage was transferred as follows: National City Mortgage Services Co. (Jan. 15, 2003) → National City Mortgage Co. (Dkt. 1, Ex. 1 ¶ 11). Then, the following transfers appear on the Wayne County Register of Deeds: National City Mortgage Services Co. (which in Dec. 2006 had become, by merger, National City Bank) (June 24, 2009) → Kondaur Capital Corp. (Aug. 30, 2012) → Nasscond, Inc. (unknown date) → Notes Forever, Inc. (Dkt. 1, Ex. 1, ¶¶ 11-17). Plaintiff alleges that Defendant Singh is the "principal" of Defendants Nasscond and Notes Forever. *Id*. at ¶ 17.

So far as the Court can surmise, the crux of Plaintiff's Complaint relates to a broken chain of title between "National City Mortgage *Services*, Co." and "National City Mortgage Co." Specifically, Plaintiff appears to allege that the transfer on June 24, 2009 from "National City Mortgage *Services*, Co." to Kondaur Capital Corp. is null and void, because "National City Mortgage *Services*, Co." had previously transferred the mortgage to "National City Mortgage, Co." and, thus, the "Services" company had nothing left to transfer to Kondaur.

Most pertinent to the present posture of this case, Plaintiff experienced difficulties serving process on three Defendants – Oumrow Roy Singh, Nasscond, Inc. and Notes Forever, Inc. (the "Nasscond Defendants"). As a result, Plaintiff

---
[1] Plaintiff's condo is also subject to a second mortgage that is not at issue in this litigation.

2

filed a motion for alternate service (Dkt. 19). In this motion, Plaintiff states that the address for each of these Defendants is **199 Nassau, Roosevelt, New York 11575** (Dkt. 19 at 2). Plaintiff states her previous attorney send the summons and complaint via certified mail to these addresses on November 11, 2014 and again on December 5, 2014. *Id.* ¶ 2-3. The November mailing went "unclaimed" and the December mailing was "refused." Plaintiff also attached affidavits from a process server evidencing several attempts in January 2015 to personally serve the Nasscond Defendants. The Affidavit reads as follows:

> ADDRESS PROVIDE (sic) IS A FENCED AND GATED PROPERTY WHICH APPEARS TO BE A RESIDENCE. ATTEMPTS FOR PERSONAL IN HAND SERVICE WERE MADE ON 1/2/15 @ 10:10AM, 1/3/15 @ 6:25PM, 1/5/15 @ 7:15AM, 1/8/15 @ 3:30PM, 1/10/15 @ 9:10PM, 1/13/15 @ 8:06AM AND 1/13/15 @ 7:10PM, BUT NO ONE WAS FOUND AT THIS LOCATION ON ANY ATTEMPTS. I SPOKE WITH EMPLOYEES AT THE UNIVERSAL BARBER SHOP (A NEIGHBOR) WHO STATED THAT THEY BELIEVE THE PROPERTY IS NOT CURRENTLY OCCUPIED. I ALSO SPOKE WITH INDIVIDUALS AT THE MUSLIM TEMPLE (NEIGHBOR ON OTHER SIDE) WHO ALSO STATED THAT THEY DO NOT BELIEVE ANYONE IS CURRENTLY USING THE GIVEN ADDRESS (Dkt. 19, Ex. 3).

It is unclear in the record before the Court where Plaintiff obtained the Roosevelt, New York address for the Nasscond Defendants. Plaintiff's motion for alternate service claims that this address is listed as an "address for notice" in the mortgage at issue in this litigation (Dkt. 19 ¶ 1). However, the assignment purporting to transfer Plaintiff's mortgage to Defendant Nasscond lists Nasscond's address as – **2 West 4th Street, Freeport, New York, 11520** (Dkt. 1, Ex. 1, Attch. 5).

The Court held a status conference in this case on November 13, 2015, in which the Court indicated that it was inclined to grant Plaintiff's motion for

alternate service. Furthermore, the Court held a hearing on Plaintiff's motion on December 3, 2015 during which the Court again indicated that it was inclined to grant Plaintiff's motion. Specifically, the following exchange appears in the transcript:

> THE COURT: Now you previously asked for the authority to use alternate means of service and I do think there's a sufficient ground to allow you to do alternate means of service because you've indicated that you have tried to affect service on Mr. Singh and on Notes Forever and you've been unable to do that. Is that right?
>
> MS. GLENN: Yes, that's correct and I will add that I did, umm, I mailed service, the claim and summons to Nasscond and the other two entities or I'm sorry, Notes Forever, Inc., and Mr. Singh on the 15th of November, I think the Sunday after we had the telephone conference.
>
> THE COURT: You mailed it just by regular mail?
>
> MS. GLENN: Correct. I thought that's -- correct. I think that's what you requested. (Dkt. 47 at 26).

The Court had not, however, entered an order formally granting Plaintiff's motion for alternate service. In the lieu of such an order, Plaintiff went ahead and mailed the summons and complaint to the Nasscond Defendants. The Nasscond Defendants did not answer the complaint. Thus, Plaintiff applied for – and received – clerk's entries of default again the Nasscond Defendants (Dkts. 36, 37, 38). Those entries of default are hereby set aside, pending service on the Nasscond Defendant as outlined below. Finally, Plaintiff also filed a number of requests for the clerk to enter default for a "sum certain" ($22,030.59) (Dkts. 44, 45, 46). The Court denied these requests, pending resolution of Plaintiff's motion for alternate service.

## II. Discussion

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed –may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction." The Federal Rules of Civil Procedure, accordingly, provide that state law is the guide for serving notice to Defendants. Michigan Court Rule 2.105(I)(1) states that "[o]n a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." New York, where the Nasscond Defendants are allegedly located, has a similar rule for alternate service.[2]

As previously indicated by the Court during the hearing on Plaintiff's motion for alternate service (Dkt. 47), Plaintiff has made a sufficient showing to be permitted to serve the Nasscond Defendants by alternate means. Thus, Plaintiff's motion for alternate service (Dkt. 19) will be granted. However, Plaintiff's alternate previous service attempts – regular mail to the Roosevelt, New York address only – are not sufficient. As previously indicated, the assignment of Plaintiff's mortgage to

---

[2] As regards natural persons, CPLR § 308(5) allows service to be made "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." As regards corporations, CPLR § 311(b) allows for service, where it is "impracticable" under subsection (a)(1) of the article, "to be made in such manner ... as the court, upon motion without notice, directs." Both provisions empower the court to devise an alternative means of serving the summons where the plaintiff has demonstrated that service cannot be made by a statutorily prescribed method. *See Snyder v. Alternate Energy Inc.*, 19 Misc. 3d 954, 959, 857 N.Y.S.2d 442, 446 (Civ. Ct. 2008).

Defendant Nasscond listed an address in Freeport, New York for Nasscond. Furthermore, the Court located a December 2014 bankruptcy filing in the Eastern District of New York for an "Oumrow R. Singh," that listed a residential address of **19 Raymond Court, Garden City, New York, 11530**. *See* E.D.N.Y. Bankr. Case No. 8-14-75357. A previous May 2011 bankruptcy filing for an "Oumrow R. Singh" listed the same last four digits of the debtor's social security number (3116) as the 2014 bankruptcy and listed the Roosevelt, New York address as the debtor's address. See E.D.N.Y. Bankr. Case No. 8-11-73224. Since the last four social security numbers are the same in both bankruptcy cases, it is likely that it is the same "Oumrow R. Singh" in both cases. It further appears that the Garden City, New York address is a more current address for Mr. Singh, as this address was listed in Mr. Singh's 2014 bankruptcy. Plaintiff thus is directed to issue new summonses[3], and serve the Nasscond Defendants by First Class U.S. Mail to: (1) the Roosevelt, New York address; (2) the Freeport, New York address; and (3) the Garden City, New York address.

Finally, as noted earlier, Plaintiff filed requests for "sum certain" default judgments against the Nasscond Defendants. However, the relief requested in Plaintiff's Complaint (Dkt. 1, Ex. 1) is not for a sum certain. Rather, Plaintiff's Complaint requests injunctive relief (precluding Defendants from foreclosing on

---

[3] The prior summonses for the Nasscond Defendant were issued on January 28, 2015. Thus, the time to serve those summonses has expired, as a summons in only valid for 90 days after issuance. *See* Fed. R. Civ. P. 4(m). The Court, however, can extend the time-period for service for "good cause." Plaintiff has shown good cause to extend the time-period for service. Plaintiff shall have an additional 30-days from the date of this order to serve the Nasscond Defendants by regular mail to the three addresses listed in this order.

6

Plaintiff's condo), ordering an accounting, and a money judgment "in excess of Twenty-Five Thousand Dollars." *Id.* Therefore, it is not appropriate for the Clerk to enter a default judgment in a sum certain amount pursuant to Fed. R. Civ. P. 55(b)(1). If the Nasscond Defendants fail to respond to the Complaint after Plaintiff serves them as outlined above, then Plaintiff may then file a motion for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2), and the Court will schedule a hearing in this matter to determine whether Plaintiff is entitled to a default judgment against the Nasscond Defendants and, if so, what type of relief that judgment should award.

### III. Conclusion

For the reasons stated above, Plaintiff's motion for alternate service (Dkt. 19) is hereby **GRANTED**. Plaintiff is hereby **ORDERED** to request new summonses, and serve the complaint – **along with a copy of this order** – on the Nasscond Defendants by First Class U.S. Mail to: (1) the Roosevelt, New York address; (2) the Freeport, New York address; and (3) the Garden City, New York address. Plaintiff's requests for entry of "sum certain" default judgments are hereby **DENIED**.

**SO ORDERED**.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: February 16, 2016

**Certificate of Service**

I hereby certify that this Order was electronically submitted on February 16, 2016, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb<br>Case Manager